IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   STEPHANIE LYNNE PINSON et al.,

Debtors.

STEPHANIE LYNNE PINSON et al.,

Plaintiffs,

v.                                                     CIVIL ACTION NO.   2:15-mc-00095

PIONEER WV FEDERAL CREDIT UNION,

Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is Defendant Pioneer WV Federal Credit Union's Motion to Withdraw Reference of Adversary Proceeding [ECF No. 1]. For the reasons discussed, the Motion is **DENIED**.

**I.   Background**

In March 2012, the plaintiff-debtors, Kendall and Stephanie Pinson, signed a promissory note and deed of trust in favor of the defendant-creditor, Pioneer WV Federal Credit Union, giving the defendant-creditor a first lien on their home. By January 2015, the defendant-creditor warned that it would foreclose on the home because the balance owed exceeded the principal balance owed when the loan was closed. Meanwhile, the plaintiff-debtors learned they had an extended right to rescind the loan under the Truth in Lending Act because Pioneer failed to provide material

disclosures and proper notice of the right to rescind. On March 11, 2015, the plaintiff-debtors delivered notice of cancellation and rescission to the defendant-creditor.

On April 15, 2015, the plaintiff-debtors filed for Chapter 13 bankruptcy in the Bankruptcy Court for the Southern District of West Virginia. In their petition, the plaintiff-debtors listed the defendant-creditor as an unsecured non-priority creditor in an unknown amount. Accordingly, the plaintiff-debtors' proposed plan denied the existence of and made no provision for any debts secured by the plaintiff-debtors' home. The defendant-creditor objected to the proposed plan and claimed that its lien on the home remained valid.

The plaintiff-debtors filed an adversary proceeding in the Bankruptcy Court for the Southern District of West Virginia. The plaintiff-debtors claimed they had and exercised the right to rescind the loan under the Truth in Lending Act. They also asserted civil penalty claims under the Truth in Lending Act and the West Virginia Consumer Credit Protection Act, claiming the defendant-creditor engaged in abusive servicing of the loan, imposed illegal charges, and employed unfair and deceptive debt collection activities. The adversary proceeding continued in the bankruptcy court until August 28, 2015, when the defendant-creditor filed its Motion to Withdraw Reference of Adversary Proceeding.

II. **Discussion**

The defendant-creditor argues withdrawal of this adversary proceeding is appropriate because it is a non-core proceeding. The defendant-creditor further

claims withdrawal will promote judicial economy, ensure efficient use of the parties' resources, and protect the uniform administration of bankruptcy law. Regardless of whether the claims are core or non-core, they should remain with the bankruptcy court for the time being.

To withdraw or not to withdraw "is frequently more a pragmatic question of efficient case administration than a strictly legal decision." *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993) (quoting *Travelers Ins. v. Goldberg*, 135 B.R. 788, 792 (D. Md. 1992)). When determining whether to exercise its discretion and to withdraw a case for cause, a district court considers six factors: "(1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) the promotion of judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial." *Blackshire v. Litton Loan Servicing, L.P.*, 2:08-mc-00116, 2009 WL 426130, at *2 (S.D. W. Va. Feb. 13, 2009).

Withdrawal is not necessarily required when claims *may* be subject to withdrawal. A district court may allow a case to remain with the bankruptcy court, delegating "the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial." *In re Stansbury Poplar Place, Inc.*, 13 F.3d at 128; *see also, e.g., City Fire Equip. Co. v. Ansul Fire Prot. Wormald U.S., Inc.*, 125 B.R. 645, 650 (N.D. Ala. 1989) ("[R]eferences should not be generally withdrawn until the cases are ready for jury trial.").

3

At this juncture, this case should remain with the bankruptcy court regardless of whether the proceedings are core or non-core. The parties in this case are before the bankruptcy court already. The plaintiff-debtors' adversary proceeding is entwined with the bankruptcy proceeding. The bankruptcy court is beyond qualified to conduct pre-trial matters. Even more, allowing the bankruptcy court to conduct pre-trial proceedings will promote the uniform administration of bankruptcy law, judicial economy, and the efficient use of resources. All these considerations weigh against withdrawal of the reference in this case. When trial is more imminent, either party may move for withdrawal. At this time, however, this case will remain with the bankruptcy court.

### III. Conclusion

For the reasons stated, the Motion to Withdraw Reference of Adversary Complaint [ECF No. 1] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     October 2, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE